IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CASE NO. |
| Plaintiff, | : | 22 cr 045 |
| vs. | : | |
| **MARQUIS DESADE FARMER** | : | **INDICTMENT** THOMAS M. ROSE |
| Defendant. | : | 7 U.S.C. § 2024(b) 18 U.S.C. §§ 922(g)(1) and 924(a)(2) **FORFEITURE** |

FILED
RICHARD W. NAGEL
2022 MAY 10 PM 2:34
SOUTHERN DIST OHIO
WESTERN DIV DAYTON

**THE GRAND JURY CHARGES THAT:**

### COUNT 1
### [7 U.S.C. § 2024(b)]

Between on or about December 5, 2021 and December 8, 2021, while in the Southern District of Ohio, defendant **MARQUIS DESADE FARMER,** did knowingly acquire, possess and use a USDA SNAP electronic benefits transfer (EBT) access device, to wit: an "Oregon Trail" EBT card bearing account number ending in #7592, as defined by 7 U.S.C. § 2012 (a) and (i) having a value of $100 or more, in a manner not authorized by 7 U.S.C., Chapter 51 and the regulations issued pursuant thereto (7 C.F.R. §§ 271-285) in that he knowingly, fraudulently and unlawfully acquired, possessed and used said SNAP EBT access device, to unlawfully acquire various food items and other commodities.

In violation of 7 U.S.C. § 2024(b).

### COUNT 2
### [18 U.S.C. §§ 922(g)(1) and 924(a)(2)]

On or about April 12, 2022, in the Southern District of Ohio, defendant **MARQUIS DESADE FARMER**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition and the firearm was in and affecting commerce.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## FORFEITURE ALLEGATION

Upon conviction of one or more offenses set forth in Counts One and/or Two of this Indictment, defendant **MARQUIS DESADE FARMER** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition, involved in or used in such violations(s), including but is not limited to a Taurus G28, pistol serial number ABG693773 with any and ammunition.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

- cannot be located upon the exercise of due diligence;
- has been transferred or sold to, or deposited with, a third party;
- has been placed beyond the jurisdiction of the court;
- has been substantially diminished in value; or
- has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant, up to the value of the forfeitable property.

A TRUE BILL

*/s/*

FOREMAN

KENNETH L. PARKER
United States Attorney

*/s/ Dwight K. Keller*
DWIGHT K. KELLER (0074533)
Assistant United States Attorney

2